UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO STATE SNOWMOBILE ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. FOREST SERVICE; THE SAWTOOTH NATIONAL FOREST; JIM DEMAAGD, in his capacity as Acting Forest Supervisor for the Sawtooth National Forest; and MIKE DETTORI, in his capacity as District Ranger for the Fairfield Ranger District,<br><br>    Defendants,<br>and<br><br>WILDEARTH GUARDIANS and WINTER WILDLANDS ALLIANCE,<br><br>    Defendant-Intervenors. | Case No. 1:19-cv-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants U.S. Forest Service, Jim Demaagd, and Mike Dettori's (collectively the "Forest Service") Motion for Reconsideration. Dkt. 36.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc.

Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

The underlying factual basis of this case is not particularly relevant to the present motion. The Court has, however, outlined the salient facts in depth as part of its prior decision (Dkt. 34, at 2–8) and the reader can refer there for a comprehensive review of the history of this litigation.

Procedurally, the Court notes Plaintiff Idaho State Snowmobile Association ("ISSA") filed the instant Complaint on May 29, 2019, requesting declaratory and injunctive relief regarding the Forest Service's Decision and Finding of No Significant Impact as it relates to certain land in the Fairfield Ranger District. Dkt. 1, at 2. In its Complaint, ISSA identifies three causes of action: 1) Violation of the Administrative Procedure Act; 2) Violation of the National Environmental Policy Act – Failure to Rely on High-Quality Scientific Evidence; and 3) Violation of the National Forest Management Act. *Id.* at 10-11. As an administrative agency review case, discovery was limited to the administrative record. Following this limited discovery period, the parties filed cross-motions for Summary Judgment. Dkts. 23, 26, 28.

The Court held oral argument on November 6, 2020, and took the matters under advisement. Dkt. 33.

On February 10, 2021, the Court issued its Memorandum Decision and Order (the "Decision") granting summary judgment in the Forest Service's favor on Claim One (the

APA claim) and Claim Three (the NFMA claim), but granting summary judgment in ISSA's favor on Claim Two (the NEPA claim). Dkt. 34.

On March 10, 2021, the Forest Service filed a Motion for Reconsideration. Dkt. 36. The Motion is, in fact, a *partial* motion for reconsideration, as the Forest Service asks the Court only to revisit its findings with respect to Claim Two (the NEPA claim). As will be explained below, the Forest Service essentially relied upon a particular citation in the Court's "Legal Standard" section and filed its Motion to Reconsider in order to offer a "fuller explanation" of its prior actions. In support of this explanation, the Forest Service submitted a Supplemental Wildlife Specialist Report (the "Supplemental Report"). ISSA opposes the Motion to Reconsider.[1]

### III. LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) "if the amendment is justified by an intervening change in controlling law."

---

[1] On an unrelated note, there appears to be a typographical error in the Court's original decision. At the top of page 15, the second sentence reads: "However, the Forest Service and Inter." This sentence appears to have been inadvertently cut short in editing but should read as follows: "However, the Forest Service and Intervenors have also raised numerous procedural arguments that must be addressed at the outset."

MEMORANDUM DECISION AND ORDER - 3

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (cleaned up). Further, relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

Rule 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J*, 5 F.3d at 1263 (cleaned up). Like Rule 59(e), Rule 60(b) relief is extraordinary and may only be granted upon an adequate showing of exceptional circumstances. *Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n. 1 (9th Cir. 1989).

Under both Rule 59(e) and Rule 60(b), the moving party bears the burden of establishing grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31 (E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 1131 (cleaned up).

MEMORANDUM DECISION AND ORDER - 4

Allowing the Forest Service's motion to reconsider in this instance would be contrary to the Federal Rules of Civil Procedure. The Forest Service relies on either Rule 59(e) or 60(b) for its motion to reconsider. It properly cites the standard for such a motion:

> The district court "has considerable discretion when considering a motion to amend a judgment." *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citing FED. R. CIV. P. 59(e)). However, a party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the arguments considered by the Court before rendering the original decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). A motion to reconsider is appropriate where it is "necessary to correct manifest errors of law or fact upon which the judgment is based" or where the moving party presents "previously unavailable evidence." Charles Alan Wright & Arthur R Miller, *Grounds for Amendment or Alteration of Judgment*, 11 FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Dkt. 36-1, at 5. However, the Forest Service then argues that it brings this motion to correct manifest errors of fact and to present the "fuller explanation" of its Decision in the Supplemental Report. As will be discussed below, the Supplemental Report presents several problems. First, the Forest Service simply attaches its Supplemental Report to its Motion. ISSA has had no opportunity to address that Supplemental Report through the administrative process. Second, the Supplemental Report is not part of the pleadings in this case. It is at most, an attachment to a motion. Third, addressing supplemental opinions and/or facts on a motion to reconsider is at odds with Rule 59(a) and 60(b). The evidence in the Supplemental Report is not new or previously unavailable evidence. It is merely an attempt to add weight to the Forest Service's original arguments by adding additional expert opinions. As will be explained, however, the Court did not invite these additional arguments nor are they proper at this stage.

MEMORANDUM DECISION AND ORDER - 5

# IV. ANALYSIS

Here, the Forest Service claims that its motion is necessary to "correct manifest errors of fact" and to present a "fuller explanation of its Decision." Dkt. 36, at 5.

It appears that the Forest Service interpreted a portion of the Court's Decision as an invitation to file the instant motion and further develop the record. To be sure, the Forest Service wishes to provide this explanation to correct errors in the Court's decision (a valid reason to request reconsideration), but the Court begins by correcting the assumption that such an explanation was invited or warranted in the first instance.

Section III of the Decision is entitled "Legal Standard." Dkt. 34, at 11. In this section, the Court reviewed the summary judgment standard that applies to agency review cases such as this. The final paragraph (including footnotes now designated as footnotes "2" and "3") of that four-page discussion outlined the following:

> Finally, as recently explained by the United States Supreme Court, it is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action. *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907–08 (2020). If those grounds are inadequate, a court may remand for the agency to do one of two things: first, the agency can offer "a fuller explanation of the agency's reasoning *at the time of the agency action*." *Id.*[2] Alternatively, the agency can "deal with the problem afresh" by taking *new* agency action. *Id. (*quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 201 (1947)).[3]

*Id.* at 14.

---

[2] This route has important limitations. When an agency's initial explanation "indicate[s] the determinative reason for the final action taken," the agency may elaborate later on that reason (or reasons) but may not provide new ones. *Id.* (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam)).

[3] An agency taking this route is not limited to its prior reasons but must comply with the procedural requirements for new agency action. *Id.*

MEMORANDUM DECISION AND ORDER - 6

At the outset of the present motion, the Forest Service opines that "the Court provided two options for the Forest Service on remand: to (1) 'offer a fuller explanation of the agency's reasoning at the time of the agency action;' or (2) 'deal with the problem afresh by taking new agency action.'" Dkt. 36, at 2. The Court disagrees.

The Court's citation to *Regents* came as part of a multi-page, multi-citation review and explanation of the standard that applies in agency review cases on summary judgment. The Court, however, did not—either in outlining the legal standard or later in its decision—actually state that the Forest Service should pursue such a course of action. The Court is not trying to minimize the efficacy of this quote; however, this citation was but one of sixteen such citations provided as part of a broader discussion on agency review.

To be fair, the parties cannot read the Court's mind[4] and the Court could have been more explicit as to the parameters of the remand. That said, the lack of *any* invitation to pursue further action *in this case*[5] cuts against the Forest Service's assumption that the Court was expecting this motion or any other type of a "fuller explanation."

Also in fairness to the Forest Service, the Supreme Court's recent use in *Regents* of this two-fold remand procedure—initially intimated in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402 (1971), and espoused as a practical solution in *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633 (1990)—has been met with varying interpretations since it was issued.

---

[4] As ISSA stated, it "does not presume to know what the Court intended" but it "did not read the Court's [Decision] as allowing the Forest Service to" provide a follow up explanation. Dkt. 37, at 7 n.4.

[5] Assuredly, nothing in the Court's decision today prevents the Forest Service from appealing the Court's Decision to the Ninth Circuit. Such is its prerogative.

MEMORANDUM DECISION AND ORDER - 7

As ISSA notes, there is some caselaw (including from *Regents* itself) indicating an agency is not automatically entitled to provide a fuller explanation, but that it could do so *if requested by the Court. See, e.g., Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1904 (2020) (noting the district court had explicitly "stayed its order for 90 days to permit DHS to reissue a memorandum rescinding DACA, this time with a fuller explanation of the conclusion that DACA was unlawful"). On the other hand, there are cases that simply state that "when a court remands a matter to an agency because the agency's proffered grounds for its action are inadequate, the agency on remand *may* either 'offer a fuller explanation of the agency's reasoning at the time of the agency action' or '[a]lternatively, the agency can deal with the problem afresh by taking new agency action.'" *Lewis v. United States Army Corps of Engineers*, No. CV 18-1838, 2021 WL 1401756, at *2 (E.D. La. Apr. 14, 2021) (citing *Regents*) (emphasis added).

Thus, it appears there are two schools of thought regarding the "fuller explanation" option in agency review cases upon remand. The first interpretation requires an active invitation from the Court to supplement the record and provide the "fuller evidence" mentioned in *Regents* and its progeny. The word "may" in the phrase "the Court *may* remand" for one of the two procedures supports this discretionary proposition.[6]

The second approach appears to leave to the *agency* the decision of which method to pursue on remand. This reading is best supported by the straightforward approach most

---

[6] Additionally, in the absence of some action from the Court, an agency would essentially get the proverbial second bite at the apple in each and every case where remand occurs. Such a conclusion supports the idea that the Court should be involved in deciding whether to allow any further explanations.

MEMORANDUM DECISION AND ORDER - 8

courts have taken following *Regents* and the lack of specific details on remand. *See, e.g., Bhd. of Locomotive Engineers & Trainmen v. Fed. R.R. Admin.*, 972 F.3d 83, 117 (D.C. Cir. 2020) ("We vacate and remand for the Railroad Administration *either to* offer a fuller explanation of the agency's reasoning at the time of the agency action, or to deal with the problem afresh by taking new agency action" (cleaned up) (emphasis added); *Fisher v. Pension Benefit Guar. Corp.*, 994 F.3d 664, 669–70 (D.C. Cir. 2021) ("The district court's remand presented the [agency] with *a choice*: either rest on its 2011 decision while elaborating on its prior reasoning, or issue a new decision featuring additional reasons absent from its 2011 decision.") (emphasis added).

Upon review, it appears that most cases over the last year interpret the Supreme Court's decision in *Regents* broadly, and more in line with the second approach—that agencies get to decide which route to take upon remand. That said, the overarching principle must not be overlooked. That principle, as outlined in *Regents* is that "judicial review of agency action is limited to the grounds that the agency invoked when it took the action." 140 S. Ct. at 1907 (citing *Michigan* v. *EPA*, 576 U.S. 743, 758 (2015). Thus, the Court may only need a fuller explanation (on remand) if the proffered "grounds [that the agency invoked when it took the action] are inadequate." *Id.*; s*ee also Camp v. Pitts*, 411 U.S. 138, 142–43 (1973) ("failure to explain administrative action as to frustrate effective judicial review" mandates "additional explanation").

The two cases the Court cited above in support of the second approach actually illustrate this point well. In *Bhd. of Locomotive Engineers*, the court remanded—and left the choice to the agency whether to provide a fuller explanation or deal with the problem

MEMORANDUM DECISION AND ORDER - 9

afresh—because there were "no reasons" proffered for the particular agency action and the court was faced with "a total explanatory void." 972 F.3d at 117. Similarly, in *Fisher*, the Circuit Court concluded the district court had correctly found remand was appropriate because the agency "did not adequately explain" its decision. 994 F.3d at 669.[7] *See also*, *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation").[8]

Thus, while the Court does not reject the broader reading of the *Regents* remand principles (i.e. that an agency can sua sponte choose which option to pursue upon remand)

---

[7] In the original underlying district court case (*Fisher I*), the court remanded the case to the agency because it "failed to address" critical issues in its decision. *Fisher v. Pension Benefit Guar. Corp.*, 151 F. Supp. 3d 159, 168 (D.D.C. 2016). Thereafter, the agency issued an entirely new decision on the matter. This concept—of remand for a fuller explanation or for a new decision—arose in the subsequent litigation (*Fisher II*). The district court in *Fisher II* noted that while its language in *Fisher I* had not delineated anything specific regarding remand, it had told the agency to "reconsider" its decision and look at matters it "wholly ignored," which suggested that the agency could not simply offer a fuller explanation, but had to take new action. *Fisher v. Pension Benefit Guar. Corp.*, 468 F. Supp. 3d 7, 19 (D.D.C. 2020), *aff'd*, 994 F.3d 664 (D.C. Cir. 2021). The District of Columbia Circuit Court affirmed those findings. In the Court's prior Decision in this case, language leaning one way or the other is scant. The Court's conclusion that "the Forest Service has not *articulated* a rational connection between the evidence obtained and the conclusions [] reached" could lend itself to an argument that a fuller explanation "articulating" its action was warranted. Dkt. 34, at 32 (emphasis added). The Court also said, however, that "substantial questions exist regarding the environmental impact of the Forest Service's Decision" and that, as a result, it would remand "for further *analysis* consistent with this decision." *Id*. at 35–6 (emphasis added). The Court intended this language to convey that it did not want those questions answered in the form of a supplemental explanation, but rather that more analysis (i.e. new research, new action, and a new decision) was necessary.

[8] *Clarke Health Care Prod., Inc. v. United States* also provides a sound explanation of *Regents*, and delineates when, and how, the court (and/or the parties) can utilize the process. 152 Fed. Cl. 570 (2021). In that particular case, the court found it did not need "any elaboration" regarding the prior action taken by the agency and that allowing such "would be [] impermissible post hoc rationalization." *Id*. at 754. The court also noted that because it had "limit[ed] the scope of the remand" to a finite matter, not allowing a fuller explanation or new decision was not "clear error" and rendered reconsideration inappropriate. *Id*. These principles ring true in this case as well.

MEMORANDUM DECISION AND ORDER - 10

it does appear that the Court can also indicate which option (if any) it deems appropriate under the circumstances. Moreover, the "fuller explanation" option *often* need only be used if a court determined it could benefit from further explanation because the agency did not adequately explain why it took the action it did. Such was not the situation in this case.

Here, the Court did not find the Forest Service's explanation lacking or inadequate; it found it incompatible with the facts in the administrative record. Said another way, there was not such a failure on the Forest Service's part in explaining its actions as to frustrate effective judicial review or that would require a "fuller explanation." There are contemporaneous explanations of the agency decision. The validity of the Forest Service's action must stand or fall on the propriety of that explanation. Ultimately, the Court rejected the Forest Service's explanation; however, expounding on it will not change the Court's findings. This is so because the Court did not reject the Forest Service's arguments based on an inadequate explanation but rather on a lack of rational connection between the evidence in the record and the actions taken.

The Court did not intend to have the Forest Service provide a fuller explanation of its reasoning. Again, while the Court quoted *Regents* and explained this principle, it did not actually invite or authorize the Forest Service to undertake the action it did. For example, at the conclusion of its substantive discussion on Claim Two, the Court stated that upon review of "the entirety of the evidence in the record, the Court finds the Forest Service has not articulated a rational connection between the evidence obtained and the conclusions it reached" and that, as a result, summary judgment "is appropriate in ISSA's favor." Dkt. 34, at 32. In its summary of the decision, the Court likewise reiterated that it

could not find a "rational connection between the facts found and the choices made" and that Claim Two was "remanded to the Forest Service." *Id*. at 35. Finally, in the actual order portion of the Decision, the Court stated that "the Forest Service's Decision is hereby reversed and remanded to the United States Forest Service for further analysis consistent with this decision." *Id*. at 36. None of this language indicated an inadequate record or invited the Forest Service to expand upon the arguments it had already presented.

Even if the Court's decision is read as inviting a "fuller explanation", which it should not be, the Forest Service's Supplemental Report does not properly qualify as a fuller explanation. Chiefly, there is no dispute the Supplemental Report was made during litigation, is not part of the administrative record, and was not open for public comment. Now, the Forest Service's point is well taken that were the Court to require that every "fuller explanation" undergo public scrutiny as part of the administrative process the whole purpose of this type of remand would be swallowed up. Nevertheless, without dissecting the finer points of the Forest Service's Supplemental Report, it suffices the Court to say that while some of the information is simply a reiteration or renewed explanation of previously asserted principles, there are some factual assertions that appear new and must be reviewed by the public as part of the administrative process before being presented to the Court. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2575–76 (2019) ("The reasoned explanation requirement of administrative law, after all, is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts *and the interested public*.)" (emphasis added); *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1346 (Ct. Int'l Trade 2020) (new materials must be made

available to the public for review).[9] For all of these reasons, the Court will not accept the Supplemental Report.

Finally, the Forest Service submits that in addition to the Supplemental Report's use as the "fuller explanation" contemplated for in *Regents*, it also highlights the manifest errors in the Court's Decision. Specifically, the Forest Service contends that while the Court recognized it must give deference to the Forest Service's expertise in these areas, it substituted "its scientific judgment for that of the Forest Service's wildlife scientists" in violation of Ninth Circuit law. Dkt. 38, at 6.

The Court understands the Forest Service's concerns. This illustrates the conundrum Courts are placed in when reviewing agency action. The Court must be deferential to agency action but must also examine such action to ensure there is a rational connection between the underlying facts and whatever action is taken. These two tasks are not mutually exclusive. The Court reiterated the difficultly cases such as this present during its review of Claim Two:

> The Court acknowledges that its review of agency action is "highly deferential." *Cal. Wilderness Coal.*, 631 F.3d at 1084. That said, the deference owed an agency is not unlimited. *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 994 (9th Cir. 2014). The Court does "not automatically defer to any agency's conclusions, even when those conclusions are scientific." *Id.* (*quoting Marsh*, 490 U.S.at 378). Rather, the Court's review must be "sufficiently probing" to ensure that the agency's

---

[9] What's more, the report is also, to some degree, simply a point-by-point analysis or counterattack on the Court's Decision and strives to relitigates findings the Court already made. Such is not appropriate in a motion to reconsider. Additionally, the Supplemental Report appears to be authored by six "experts" and/or "wildlife biologists." Some, but not all, of these six experts were involved in the initial Environmental Assessment. This reinforces the Court's conclusion that such scientific information should be made available to the public for review AND available to ISSA for rebuttal. Adding more experts to support an administrative decision is not proper on a motion to reconsider.

MEMORANDUM DECISION AND ORDER - 13

    decision is "founded on a reasoned evaluation of the relevant factors." *Id*. at
    995.

Dkt. 34, at 30. Then, after reviewing the exhaustive administrative record in this case, the Court determined the Forest Service's decision lacked a "rational connection between the facts found and the choices made." Dkt. 34, at 35 (quoting *Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto Ins. Co*., 463 U.S. 29, 43 (1983). Thus, similar to the Court's comments above that it did not conclude the Forest Service's reasons were inadequate (thus requiring further explanation) but rather that they did not meet scrutiny, the Court did not substitute its "scientific judgment" for that of the Forest Service's experts into the case, but rather rejected the connection between the science presented and the conclusions reached.

## V. CONCLUSION

  First, the Court finds that despite a potential lack of clarity as to the specifics of its remand of Claim Two, it did not invite a fuller explanation of the Forest Service's actions. More importantly, a fuller explanation *was not warranted* because the Court never found the Forest Service's explanation was inadequate in the sense that it did not provide the Court with enough information to make a reasoned determination.[10] As discussed above, other problems with the Supplemental Report also persist. For these reasons the Court will not entertain the report.

  Second, the Court did not commit manifest error in evaluating the Forest Service's

---

[10] That the Court ultimately disagreed with the Forest Service's conclusions could, arguably, mean the Forest Service's explanation was "inadequate." But again, when used in the context of remand, the word "inadequate" contemplates incompleteness or scarcity in the record, not an inadequacy of the underlying legal arguments. Thus, to reiterate, the Court's prior findings rested upon a full and complete record that did not need further supplementation or explanation.

MEMORANDUM DECISION AND ORDER - 14

arguments nor did it substitute its "scientific judgment" for that of the Forest Service's experts. The Court did not simply disagree with the Forest Service's conclusion—after all, simple disagreement is not sufficient grounds to overturn agency action—rather, the Court found that the Forest Service's conclusions could not be supported by the evidence in the record.

In sum, the Court will not review the Supplemental Report. It is nothing more than a post hoc recitation of the Forest Service's disagreements with the Court's decision. Substantively, the Court will also not entertain any arguments about manifest error. There is no reason—procedurally or substantively—for the Court to revisit or reconsider its prior decision regarding Claim Two. Accordingly, the Forest Service's motion must be denied.

## VI. ORDER

1. The Forest Service's Motion for Reconsideration (Dkt. 36) is DENIED.

DATED: September 14, 2021

David C. Nye
Chief U.S. District Court Judge